IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD SAYRE,

    Plaintiff,

v.                                                                          Case No.: 3:09-cv-01061

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This is an action seeking review of the decision of the Commissioner of the Social Security Administration ("SSA") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The case is presently pending before the Court on the parties' cross-motions for judgment on the pleadings (Docket Nos. 16 and 17) and plaintiff's Supplemental Motion to Remand Case to the Commissioner of the Social Security Administration. (Docket No. 21).

**I.  Procedural History**

Plaintiff, Richard Sayre, (hereinafter referred to as "Claimant"), filed initial applications for DIB benefits and SSI income on April 14, 2005, alleging disability as of

March 15, 2005, due to clinical depression, nervousness, anxiety, memory loss, and back pain. (Tr. at 16, 48-52). The claims were denied initially and upon reconsideration. *Id.* On April 4, 2006, Claimant filed a timely written request for a hearing before an Administrative Law Judge. (Tr. at 36). On April 26, 2007, Claimant appeared and testified at a hearing before the Honorable Charlie P. Andrus, Administrative Law Judge (hereinafter referred to as the "ALJ"). By decision dated July 30, 2007, the ALJ determined that Claimant was not disabled and, therefore, was not entitled to benefits. (Tr. at 16-26).

Claimant filed a request for review of the ALJ's decision by the Appeals Council. (Tr. at 12). As part of this request, the Appeals Council received and incorporated into the record three new pieces of evidence: medical treatment notes from Prestera Center dated 04/18/2007 and 12/20/2007; medical treatment notes from Dr. Nancy Lares dated from 09/11/2007 through 03/18/2008; and records from Mason County Action Group dated 01/27/2007 to 09/28/2007 (Tr. at 9). On July 31, 2009, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. (Tr. at 6-8). On September 30, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

On January 13, 2010, Claimant filed a Motion to Submit New and Additional Evidence, which consisted of a report prepared on April 19, 2009 by Kay A. Dey, M.S., a psychologist at Prestera Center in Pt. Pleasant, West Virginia. (Docket No. 12). The Court granted Claimant's Motion for the limited purpose of considering the new and additional evidence in conjunction with Claimant's request for remand. (Docket No. 14).

On September 21, 2010, Claimant filed a Supplemental Motion to Remand Case (Docket No. 21) based upon new and additional evidence; that being, a fully favorable

decision by the Social Security Administration dated August 26, 2010.[1] Claimant subsequently moved the Court to allow him to submit a complete copy of the favorable decision for consideration with the Supplemental Motion to Remand Case. (Docket No. 23). The Court granted the Motion, and the favorable decision is considered for purposes of potential remand. (Docket No. 24).

## II. Background

At the time of the April 2007 hearing before the ALJ, Claimant was nearly 51 years old, had completed the seventh grade, and had not received a general education diploma ("GED"). (Tr. at 268-269). His past relevant employment history included work as a laborer setting up mobile homes, a maintenance supervisor at a nursing home, a set up person for a punch press at a metal stamping company, and a window fabricator for a window manufacturer. (Tr. at 57-58).

The ALJ determined that Claimant suffered from the following severe impairments: depression, anxiety, alcohol dependence, degenerative joint disease of the hips and spine, and chronic obstructive pulmonary disease. (Tr. at 18, Finding No. 3). The ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any impairment listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. (Tr. at 19, Finding No. 4), and the Claimant had residual functional capacity to perform medium work with certain specific limitations. (Tr. at 20-21, Finding No. 5). On the basis of this finding; Claimant's age, education, and work experience; the testimony of the vocational expert; and the medical-vocational guidelines,[2] the ALJ found that there were jobs that existed in significant numbers in the national economy that Claimant could perform (Tr. at 24-26, Finding No. 10) and

---

[1] Claimant filed second applications on September 22, 2009 (Def. Br. at 2).
[2] The medical-vocational guidelines appear in 20 C.F.R. Part 404, Subpt. P, App. 2.

- 3 -

Case 3:09-cv-01061 Document 25 Filed 10/14/10 Page 4 of 9 PageID #: 433

Claimant was "not under a disability as defined by the Social Security Act." (Tr. at 26, Finding No. 11). Therefore, Claimant was denied benefits.

Claimant filed a second set of applications for benefits on September 22, 2009. On August 26, 2010, the examiner considering Claimant's second applications found Claimant to be under a "disability as defined in the Social Security Act **since July 31, 2007,**" one day after the ALJ had denied Claimant's first applications for benefits. (Docket No. 23-1 at 13) (emphasis added).

### III.  Analysis

Title 42 U.S.C. § 405(g) provides that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . ."  Evidence is new if it is "neither duplicative nor cumulative," *Bradley v. Barnhart,* 463 F.Supp.2d 577, 581 (S.D.W.V. 2006), and is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonable possibility that the new evidence would have changed the outcome of the determination." *Bradley v. Barnhart, supra* at 579, citing *Bruton v. Massanari,* 268 F3d. 824 (9th Cir. 2001).  Accordingly, Claimant must demonstrate that the report of Ms. Dey and the recent favorable decision of the Social Security Administration constitute new evidence that is material to the question of whether Claimant was disabled at the time of his hearing before the ALJ.  If so, then Claimant must provide good cause for not having produced this evidence to the Commissioner during the pendency of his applications.

As noted, the ALJ determined on July 30, 2007 that Claimant was not disabled. In contrast, the examiner on Claimant's second applications found that Claimant was

- 4 -

disabled, and his disability had an onset date of July 31, 2007. The medical evidence reviewed by the examiner in reaching this conclusion, which is discussed in some detail in the favorable decision, included an evaluation by a consultative psychologist that occurred in December 2009; an evaluation by a physical consultative examiner in March 2010; records from Pleasant Valley Hospital dated May 2009; and a December 2007 report by plaintiff's psychiatrist, Dr. Nancy Lares, (Docket 23-1), none of which were considered by the ALJ at the time of his hearing. In addition, the report prepared by Ms. Dey was written in 2009, well after the ALJ's determination. Contrary to the Commissioner's position, this evidence is undoubtedly new as the bulk of it did not exist at the time of the ALJ's hearing. Likewise, the evidence is presumably material, because it directly addresses the medical and psychological impairments alleged by the Claimant in his applications.

The Commissioner argues that the evidence lacks materiality, because it does not "relate back to the relevant time period." (Def. Br. at 3). While it is true that much of the new medical evidence does not, on its face, reference time frames prior to the ALJ's unfavorable decision, the evidence does confirm the existence of medical and psychiatric conditions that plausibly pre-dated the ALJ's determination. (Docket Nos. 23-1 at and 12-1). For example, Ms. Dey confirmed in her report that Claimant had been her client since November 2006. Ms. Dey stated that Claimant had a "significant history of poor judgement [sic] and impulse control," was "borderline agoraphobic," with "delusional beliefs" and had tested moderately to severely impaired in "Short, Intermediate and Long Term Memory." (Docket No. 12-1). She added that Claimant was terminated from his last employment position "as a result of being unable to retain instructions, measurements, or to follow work place rules." (Docket No. 12-1). Similarly, the claims

examiner reported findings by the consultants and Dr. Lares of schizophrenia, borderline intellectual functioning, and a "long history of psychosis" with hallucinations. (Docket 23-1 at 8-14). To be material, "evidence need not have *existed* on or before the date of the decision. It need only *relate* to that period. *Bradley v. Barnhart, supra* at 581. The descriptions of Claimant's symptoms and diagnoses, which are replete in these records, imply their long-standing nature.

Considering the second aspect of materiality—whether the new evidence may have changed the outcome of the determination—the date of onset of Claimant's disability, as determined by the examiner, is so close in time to the ALJ's decision that there is reasonable cause to believe that the new evidence (1) relates back to the period before the denial of benefits, and (2) would have been as persuasive to the ALJ as it was to the examiner. Cases within this district have consistently held that a determination of disability that commences the day after an ALJ finds a claimant not disabled constitutes material evidence, because the information considered in reaching the second, favorable decision, "might well have changed the outcome" in the first case. *Bradley v. Barnhart, supra* at 580; *See* also *Reichard v. Barnhart,* 285 F.Supp.2d 728 (S.D.W.V. 2003).

On the issue of good cause for Claimant's failure to produce the evidence to the Commissioner during the pendency of his initial applications, it is noteworthy that most of the documentation considered by the claims examiner in August 2010 did not exist at the time the Commissioner was considering the record before the ALJ.[3] Consequently, Claimant cannot be faulted for failing to submit the evidence to the Commissioner.

---

[3] On July 31, 2008, the SSA advised Claimant that he had 25 days in which to supplement the record. (Tr. at 10). Claimant supplemented the record with documents generated through March 2008. (Tr. at 9). On July 31, 2009, the Appeals Council denied Claimant's request for a review of the ALJ's decision. Thereafter, Claimant filed his second applications for benefits and did not receive a determination on those until August 2010.

Accordingly, the undersigned proposes that the District Court **FIND** that the evidence filed by Claimant in this action is new and material and was timely submitted.

In view of these findings, consideration is given to remanding this matter to the Commissioner for further proceedings. Remand to the Commissioner on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) Claimant offers "at least a general showing of the nature" of the newly discovered evidence. 42 U.S.C. 405(g); *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir. 1985). As previously noted, the evidence submitted by Claimant meets these requirements. Therefore, this case should be remanded so that the new and material evidence can be examined by the Commissioner to determine whether modification or reversal of his decision is required.

Title 42 U.S.C. § 405(g) provides the Court with two alternatives when remanding a case to the Commissioner. Under sentence four of § 405(g), the Court may enter a judgment affirming, modifying, or reversing the decision, "with or without remanding the cause for rehearing." The other option is found under the sixth sentence of § 405(g), which allows the Court to remand the Commissioner's decision without affirming, modifying, or reversing it. This Court explained the process adhered to in a sixth sentence remand in *Bradley v. Barnhart, supra*, stating as follows:

> [The Court] does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any additional or

>modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

*Id* at 582, citing to *Melkonyan v. Sullivan,* 501 U.S. 89, 97-98 (1991). In view of the potential that the weight of the new evidence will affect the Commissioner's decision, a sentence six remand appears the most appropriate choice.

## IV.     Recommendations for Disposition

Based on the foregoing, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the findings herein and **RECOMMENDS** that the District Court **DENY** the parties' cross-motions for judgment on the pleadings (Docket Nos. 16 and 17) and **GRANT** plaintiff's Motion to Remand Case (Docket No. 21). The undersigned further proposes that the presiding District Judge **REMAND** this matter pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** October 14, 2010.

_____
Cheryl A. Eifert
United States Magistrate Judge