IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD SAYRE,

          Plaintiff,

v.                             CIVIL ACTION NO. 3:09-01061

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court are cross motions for judgment on the pleadings, the plaintiff's request for a remand, and the Commissioner's objections to the findings and recommendations of the Magistrate Judge. The plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for proposed findings and recommendations. On May 4, 2010, the case was reassigned to Magistrate Judge R. Clarke VanDervort. Magistrate Judge Cheryl Eifert ultimately entered proposed findings and recommendations in this matter on October 14, 2010, concluding that remand for further proceedings before the SSA is appropriate due to new and material evidence presented by the plaintiff.

The Court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Commissioner objects. For the reasons set forth below, the Court

**DENIES** the Commissioner's objections, and **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge, which **GRANTS** the plaintiff's Motion to Remand Case and **DENIES** the parties' cross-motions for judgment on the pleadings.

## BACKGROUND

Plaintiff Richard Sayre ("Plaintiff") filed an application for disability insurance benefits and supplemental security income on April 14, 2005, alleging disability beginning March 15, 2005 due to clinical depression, nervousness, anxiety, memory loss, and back pain. R. at 16, 48-52. Plaintiff's claims were denied initially, and upon reconsideration. R. at 16. Thereafter, Plaintiff timely requested an administrative hearing, and on April 26, 2007, he appeared and testified before an Administrative Law Judge ("ALJ"). On July 30, 2007, ALJ Charlie Andrus determined in a written decision that Plaintiff was not disabled, and was therefore not entitled to benefits. R. at 25-26.

Plaintiff was 50 years old at the time of the hearing on April 26, 2007. R. at 268. He has previously been employed as a maintenance supervisor at a nursing home, a window fabricator for a window manufacturer, and a laborer both assisting with the construction of mobile homes and the installation of a punch press at a metal stamping company. R. at 57-58. Under the five-step sequential evaluation process, 20 C.F.R. §§ 404.1520(a), 416.920(a), ALJ Andrus determined that Plaintiff suffered from various severe impairments, including depression, anxiety, alcohol dependence, degenerative joint disease of the hips and spine, and chronic obstructive pulmonary disease. R. at 18. However, ALJ Andrus ultimately found that Plaintiff had residual functional capacity to perform medium work with specific limitation, and that jobs existed in significant

numbers in the national economy which the Plaintiff could adequately perform. R. at 20-21, 24-26. Thus, ALJ Andrus concluded that Plaintiff was not entitled to disability benefits. R. at 26.

Plaintiff requested review of the ALJ's decision by the Appeals Council of the SSA. R. at 12. In making its determination, the Appeals Council considered the evidence that was presented to the ALJ. In addition, as the Magistrate Judge notes, the Appeals Council considered the following new evidence:

> medical treatment notes from Prestera Center dated 04/18/2007 and 12/20/2007; medical treatment notes from Dr. Nancy Lares dated from 09/11/2007 through 03/18/2008; and records from Mason County Action Group dated 01/27/2007 to 09/28/2007.

Proposed Findings 2, No. 25. Despite the new evidence presented, the Appeals Council upheld the ALJ Andrus's July 30, 2007 determination denying Plaintiff benefits, and adopted that determination as the Commissioner's final decision. Plaintiff brought the current action on September 30, 2009, seeking judicial review of the Commissioner's final decision.

During the earlier proceedings, the Magistrate Judge permitted Plaintiff to submit new and additional evidence in the form of a letter report prepared on April 14, 2009 by Kay A. Dey, M.S.—a Prestera Center psychologist who evaluated Plaintiff—for the limited purpose of considering the evidence in tandem with Plaintiff's request to remand. On September 21, 2010, Plaintiff filed a second supplemental motion, seeking remand of the case based upon a subsequent favorable decision rendered by the SSA on August 26, 2010. That decision adjudged Plaintiff disabled as of July 31, 2007, one day after the ALJ had denied Plaintiff's first application for benefits. Doc. No. 23-1. The Magistrate Judge considered this favorable decision as new evidence for purposes of her recommendation that the Court remand the case to the Commissioner. *See* Proposed Findings 3-5, No. 25.

**DISCUSSION**

**I.      Standard of Review**

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court's review of the factual basis for the Commissioner's underlying decision, however, is narrow as the Commissioner's factual findings should be upheld "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("[F]indings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" (citation omitted)).

In conducting its review, the Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because the ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (noting that the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence"). It is the duty of the ALJ, however, not the courts, to

make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Here, the Magistrate Judge recommends that the Court deny the parties' cross-motions for judgment on the pleadings, and instead remand this case back to the Commissioner for further proceedings under sentence six of 42 U.S.C. § 405(g). The Court may remand a case under sentence six of § 405(g) where (1) the Commissioner requests a remand before answering a complaint seeking reversal of an administrative ruling or (2) where new and material evidence is presented. *See* 42 U.S.C. § 405(g). The Court may not, however, make a substantive ruling on a sentence six remand. *See Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000).

## II.     New Evidence

Plaintiff argues that the Court should remand for further proceedings before the Commissioner in light of the new evidence that he has submitted. A remand under § 405(g) for new evidence is warranted when the evidence is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ's decision. *See Wilkins v. Sec'y Dep't Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).

At the threshold, a central issue in the parties' briefing concerns the effect of the August 26, 2010 SSA disability determination made by Attorney Advisor Nancy Frye, finding Plaintiff disabled as of July 31, 2007. The Commissioner argues that the Magistrate Judge erred as a matter of law in finding that an agency decision favorably adjudicating a separate, subsequent claim may be

considered new and material evidence under 42 U.S.C. § 405(g), sentence six.

The Magistrate Judge relied principally on two cases in concluding that the August 26, 2010 decision supported a remand. First, she considered *Bradley v. Barnhart*, 463 F. Supp. 2d 577 (S.D. W. Va. 2006). The facts in *Bradley* are similar to those in this case. There, an ALJ initially denied the claimant's application for disability benefits. *Id.* at 578. Subsequently, the SSA issued another decision, finding that the claimant was disabled as of the day *after* the denial of his first benefit application. *Id.* The court concluded that the SSA benefit award on the claimant's second application could be considered as evidence on a § 405(g) remand because it was new and material, and because it related to the time period on or before the date of the initial ALJ's denial of benefits. *Id.* at 581. Similarly, the court in *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003) found that an ALJ's "decision finding disability commencing less than a week after he first pronounced that [a claimant] was not disabled [was] new and material evidence."

The Commissioner argues that *Reichard* and *Bradley* should be disregarded in light of the Sixth Circuit's decision in *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646 (6th Cir. 2009). The court in *Allen* explicitly rejected *Reichard* and *Bradley* to the extent that those decisions stand for the proposition that "'a second social security [decision] find[ing] a disability commencing at or near the time a decision on a previous application found no such disability . . . may constitute new and material evidence.'" *Id.* (quoting *Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007)).

The Court finds persuasive the reasoning in *Allen* that a favorable subsequent SSA decision—one based on the same or substantially the same evidence as previously considered in a prior application—should not be considered new evidence for the purposes of a § 405(g) remand. As stated by the *Allen* court:

> If a subsequent favorable decision—separated from any new substantive evidence supporting the decision—could itself be "new evidence" under sentence six, the only way that it might change the outcome of the initial proceeding is by the power of its alternative analysis of the same evidence. But remand under sentence six is not meant to address the "correctness of the administrative determination" made on the evidence already before the initial ALJ.

*Id.* at 653. This approach makes sense because using a subsequent decision as independent evidence is tantamount to a collateral attack on the initial decision. Permitting a claimant to obtain a remand in a similar case would run counter to the need for finality and consistency between SSA disability determinations. However, while the Court is cognizant of the implication of these polices in the instant matter, it need not reach the precise issue presented in *Allen*, *Reichard*, and *Bradley* because it believes that Plaintiff has made a sufficient showing that the evidence considered by Attorney Advisor Frye in deciding the August 26, 2010 application, along with the new evidence Plaintiff has provided on review, is new and material, supporting a remand consistent with the Magistrate Judge's Proposed Findings and Recommendations.

On Plaintiff's second application for benefits, Attorney Advisor Frye found that he had a disability onset date of July 31, 2007. Doc. No. 23-1. As the Magistrate Judge noted, Attorney Advisor Frye considered evidence including an evaluation by a physical consultive examiner on March 3, 2010 and records from Pleasant Valley Hospital. Most importantly, Plaintiff provided a letter issued by Kay A. Dey, a psychologist who has evaluated him for years. These items constitute "new" evidence within the meaning of the *Wilkins* test because they are not duplicative or cumulative of the evidence already considered by ALJ Andrus in making his July 30, 2007 determination. *See, e.g.*, *Bradley*, 463 F. Supp. 2d at 581 ("New evidence is that which is neither duplicative nor cumulative."). The Commissioner disagrees, contending that the April 14, 2009 letter from Ms. Dey is merely cumulative of her earlier pronouncements, which the ALJ rejected.

While ALJ Andrus did find that Ms. Dey's earlier notes were in conflict with the other evidence presented in the record, her April 14, 2009 letter suggests a new diagnosis of a personality disorder, and includes significantly updated information on Plaintiff's cognitive limitations. The Court thus finds that the evidence is "new."

In addition, the Court finds that the new evidence presented both in this Court and before Attorney Advisor Frye is material for purposes of a § 405(g) remand. Evidence is material if it bears on the matter in dispute, and there is a reasonable possibility that it would have changed the outcome of the earlier determination. *See Bradley*, 463 F. Supp. 2d at 579-81. Here, the Court agrees with the Magistrate Judge, and finds that Plaintiff has met his burden in showing that the new evidence could have reasonably changed the outcome of the ALJ's decision. From a review of the record, Plaintiff appears to have a seriously impaired memory and problems with severe depression. R. at 159. It is true that ALJ Andrus considered the reports of other psychologists who evaluated Plaintiff, and found that their opinions supported his determination. R. at 23-24 (discussing the reports of Catherine Van Verth Sayre and Penny Perdue). However, in light of the new evidence the Court cannot conclude that the ALJ would simply ignore the severe cognitive limitations Plaintiff appears to maintain. The evidence is material because it addresses the impairments alleged by Plaintiff, and it supports the conclusion that those impairments may be significantly worse than ALJ Andrus originally concluded.

The Commissioner also argues that Ms. Dey's new opinions would not have changed the outcome of the proceeding before ALJ Andrus because she is not an acceptable medical source who can establish the existence of a disabling impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Plaintiff contests this characterization of Ms. Dey's qualifications by arguing that she is no longer

just a "supervised psychologist." Despite these arguments, the Court declines to make a finding on Ms. Dey's general qualifications. The Court does note though that the Commissioner has provided little legal support for his contention that Ms. Dey is not qualified to give a medical opinion which is to be given any weight. ALJ Andrus considered her early reports in his July 30, 2007 opinion, R. at 23-24, and there is no reason to believe that he should now not do as much. More importantly, however, Ms. Dey's findings must be considered in light of the other new evidence offered by Plaintiff, and as noted, this new evidence tends to suggest that Plaintiff's symptoms could materially prohibit him from obtaining employment.

Finally, the Court concludes that the new evidence offered by Plaintiff relates to a period before the initial denial of benefits. While the Court does not consider Attorney Advisor Frye's decision adjudicating Plaintiff disabled as independent evidence compelling a remand, it does find that the evidence considered by Attorney Advisor Frye suggests a nexus with a time period before the ALJ's determination. Further, as the Magistrate Judge points out, Ms. Dey's April 14, 2009 letter states that she has been seeing Plaintiff since November of 2009, and that he has a "significant history of poor judgement [sic] and impulse control." Doc. No. 12-1. The Court finds that this evidence sufficiently relates to the relevant time period.

Finally, for the reasons stated by the Magistrate Judge, the Court finds that Plaintiff has shown good cause for failing to present the new evidence to the Commissioner during the pendency of his initial application. *See* Proposed Findings 6, No. 25.

## CONCLUSION

For the foregoing reasons, the Court **FINDS** that the Commissioner's decision must be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new evidence. The

Court further **DENIES** the Commissioner's objections, and **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge, which **DENIES** Plaintiff's motion for judgment on the pleadings and **DENIES** the Commissioner's motion for judgment on the pleadings.

  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

      ENTER:  November 29, 2010

      ROBERT C. CHAMBERS
      UNITED STATES DISTRICT JUDGE